Jane McGINNIS, Plaintiff–Appellant–
Cross Appellee,

v.

AMERICAN HOME MORTGAGE SER-
VICING, INC., a Foreign Corporation,
Defendant–Appellee–Cross Appellant.

No. 14–13404.

United States Court of Appeals,
Eleventh Circuit.

May 29, 2015.

Naveen Ramachandrappa, Michael B.
Terry, Bondurant Mixson &.Elmore, LLP,
Atlanta, GA, Miranda J. Brash, Charles A.
Gower, Charles A. Gower, PC, Columbus,
GA, for Plaintiff–Appellant–Cross Appel-
lee.

Daniel S. Reinhardt, Benjamin Wayne
Cheesbro, Michael E. Johnson, Troutman
Sanders, LLP, Russell J. Rogers, Thomp-
son Hine, LLP, Atlanta, GA, for Defen-
dant–Appellee–Cross Appellant.

Before HULL, ANDERSON, and
FARRIS,* Circuit Judges.

PER CURIAM: ·

In this diversity action, the jury re-
turned a verdict in favor of the Plaintiff.
The jury found for Plaintiff on her claims
for wrongful foreclosure and other torts,
awarding a relatively small amount of com-
pensatory damages and sizable emotional
distress and punitive damages. The dis-

---

* Honorable Jerome Farris, United States Cir-
cuit Judge for the Ninth Circuit, sitting by

trict court reduced the punitive damages
to the $250,000 cap pursuant to O.C.G.A.
§ 51–12–5.1(g). Plaintiff appeals, chal-
lenging the district court's earlier sum-
mary judgment dismissing her Georgia
RICO claim, and challenging the district
court's reduction of the punitive damages
found by the jury. American Home Mort-
gage Servicing, Inc., now Homeward Resi-
dential, Inc. ("Homeward"), cross-appeals.

We have had the benefit of oral argu-
ment in this case, and have carefully re-
viewed the briefs of the parties and the
relevant parts of the record. We conclude
that the judgment of the district court
should be affirmed in all respects.

We reject all of the claims raised by
Plaintiff in her main appeal. We reject
Plaintiff's challenge to the district court's
ruling at the summary judgment stage dis-
missing Plaintiff's RICO claims. Plain-
tiff's argument that Georgia law no longer
recognizes the "single transaction" defense
was not presented to the district court, and
is therefore waived. Plaintiff has not per-
suaded us that the district court erred in
any other respect in its ruling dismissing
the RICO claim.

We also reject the challenges raised by
Plaintiff on appeal with respect to the dis- ·
trict court's punitive damages rulings. We
are not persuaded that the district court
erred in concluding that Homeward ade-
quately preserved its Rule 50(b) argument
that there was insufficient evidence of spe-
cific intent to cause harm such that puni-
tive damages would be limited to $250,000
pursuant to O.C.G.A. § 51–12–5.1. Closely
related arguments were made in Home-
ward's oral Rule 50(a) motion, and in the
immediately preceding charge conference,
in which Homeward expressly argued that

designation.

"there isn't any evidence of specific intent in this case." Also, we cannot conclude that the district court erred in concluding that no reasonable jury could find on this record sufficient evidence of specific intent on the part of Homeward to cause harm.

Any other claims raised by Plaintiff in her main appeal are rejected without need for further discussion. We now turn to Homeward's cross-appeal.

We also reject all of Homeward's claims raised in its cross-appeal. We conclude that the district court did not err in rejecting Homeward's argument that there was insufficient evidence to support the jury's verdict on wrongful foreclosure. We also reject Homeward's challenge to the jury's verdict for emotional damages. Although a close call, our review of the evidence persuades us that Homeward's conduct rose to the requisite level such that the jury did not err in finding extreme and outrageous conduct.[1] Any other claims raised by Homeward in its cross-appeal are rejected without need for further discussion.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

1. Thus, we need not decide whether Georgia law requires a wrongful foreclosure plaintiff to prove the elements of intentional infliction of emotional distress to recover emotional damages.